**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| TYLER KIBEC, individually and on behalf of all others similarly situated,<br><br>v.<br><br>GIANT OF MARYLAND, LLC d/b/a GIANT<br>    (Prince George's County, MD) | **Case No. 1:22-cv-02733**<br>Collective Action<br>FLSA/VMWA/VOWA/VPWL<br><br><br><br>Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Like many other companies across the United States, Giant of Maryland, LLC d/b/a Giant's ("Giant") Kronos-based timekeeping and payroll systems were affected by a service outage in beginning in December 2021.

2. That outage led to problems in timekeeping and payroll throughout Giant's organization.

3. As a result, Giant's workers who were not exempt from overtime under federal and state law were not paid owed minimum wages and/or for all overtime hours worked and/or were not paid owed minimum wages or their proper overtime premium on time, if at all, for all regular hours and overtime hours worked during and after the Kronos outage.

4. Tyler Kibec is one such Giant worker.

5. Giant could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the outage were resolved.

6. Instead, Giant pushed the cost of the Kronos outage onto the most economically vulnerable people in its workforce.

7. Giant made the economic burden of the Kronos outage fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8. Giant's failure to pay wages, including proper minimum wages and overtime, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

9. Giant's failure to pay wages, including proper minimum wages and overtime, for all hours worked to its workers in Virginia violates the Virginia Minimum Wage Act (VMWA), Va. Stat. Ann. § 40.1-28.8 *et seq*, Virginia Overtime Wage Act (VOWA), Va. Stat. Ann. § 40.1-29.2 and the Virginia Payment of Wage Law (VPWL), Va. Stat. Ann. § 40.1-29.

10. Kibec brings this lawsuit to recover these unpaid minimum and overtime wages and other damages owed by Giant to himself and Giant's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos outage, but Giant's decision to make its own non-exempt employees workers bear the economic burden for the outage.

11. This action seeks to recover the unpaid wages and other damages owed by Giant to all these workers, as occasioned by the unpaid wages, along with liquidated damages, penalties, interest, and other remedies provided by federal and Virginia law.

**JURISDICTION & VENUE**

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Giant is headquartered in this District.

**PARTIES**

15. **Plaintiff Tyler Kibec** is a natural person.

16. Kibec is and was, at all relevant times, an employee of Giant.

17. During and since the Kronos outage, Kibec worked for Giant.

18. During and since the Kronos outage, Kibec worked for Giant in Virgnia.

19. Kibec represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Giant who worked at any time during Giant's Kronos service outage, beginning on or about December 11, 2021, until the time that Giant regained full access to all Kronos products and services, <u>and</u> resumed normal employee timekeeping and payment operations.**

20. Kibec represents a collective of similarly situated workers under Virginia law pursuant to the VMWA, the VOWA, and the VWPL pursuant to Va. Stat. Ann. § 40.1-29(J). This "Virginia Collective" is defined as:

> **All current or former non-exempt employees of Giant who worked in Virginia at any time during Giant's Kronos service outage, beginning on or about December 11, 2021, until the time that Giant regained full access to all Kronos products and services, <u>and</u> resumed normal employee timekeeping and payment operations.**

21. Throughout this Complaint, the FLSA and Virginia Collective members are referred to collectively as the "Similarly Situated Workers."

22. **Defendant Giant of Maryland, LLC d/b/a Giant ("Giant")** is a domestic limited liability company.

23. Giant maintains its headquarters and principal place of business in Prince George's County, Maryland.

24. Giant maintains its headquarters and principal place of business in this District and Division.

25. Giant may be served by service upon its registered agent, **CSC-Lawyers Incorporating Service Company, 7 St. Paul St., Ste. 820, Baltimore, MD 21202**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

26. At all relevant times, Giant was an employer of Kibec within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all relevant times, Giant was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. Giant was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. During at least the last three years, Giant has had gross annual sales in excess of $500,000.

30. Giant was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

31. Giant employs many workers, including Kibec, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

32. The goods and materials handled, sold, or otherwise worked on by Kibec, and other Giant employees and that have been moved in interstate commerce include, but are not limited to, food and household consumer items.

**FACTS**

33. Giant operates grocery stores.

34. Many of Giant's employees are non-exempt hourly and salaried workers.

35. Since at least 2021, Giant has used timekeeping software and hardware operated and maintained by Kronos.

36. On or about December 11, 2021, Kronos suffered a disruption in service due to a ransomware attack.

37. The Kronos outage interfered with the ability of its customers, including Giant, to use Kronos's software and hardware to track hours and pay employees.

38. For at least a portion of time following the Kronos outage, Giant failed to keep accurate track of the hours that Kibec and Similarly Situated Workers worked.

39. Instead, Giant has used various methods to estimate the number of hours Kibec and Similarly Situated Workers work in each pay period.

40. As a result of Giant's failure to accurately track their actual hours worked each week, employees who were non-exempt were in many cases paid less than the hours they worked in the workweek, including both regular and overtime hours.

41. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

42. Kibec is one of the thousands of Giant employees affected by these pay and timekeeping practices.

43. Kibec was not paid the wages for all hours worked on time, if at all, for each of since the onset of the Kronos service disruption, on or about December 11, 2021.

44. Instead of paying Kibec for the hours he actually worked (including any overtime hours), Giant simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Kibec's actual hours worked and regular pay rates, in multiple workweeks.

45. For example, during the pay period beginning December 12, 2021, Kibec worked approximately 19.75 hours for Giant.

46. But Kibec was only paid for 7.75 hours. This means Kibec was not paid at all for approximately 12 of the hours he worked for Giant.

47. The amount that Kibec was paid for his hours in this pay period fell short of the minimum wage under both federal and Virginia law.

48. Giant knows it has to pay proper wages to non-exempt hourly and salaried employees.

49. Giant knows this because, prior to the Kronos outage, it routinely paid these workers at least the minimum wage for all hours worked, including applicable overtime at the proper overtime rates.

50. Giant could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

51. Instead of accurately tracking hours and paying employees their wages, Giant decided to arbitrarily pay these employees, without regard to the hours they worked or the minimum wage or regular rates at which they were supposed to be paid.

52. It was feasible for Giant to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

53. But Giant chose not to do that.

54. In other words, Giant pushed the effects of the Kronos outage onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

55. Kibec is just one of the many Giant employees who had to shoulder the burden of this decision by Giant.

56. Kibec was a non-exempt hourly employee of Giant.

57. Kibec's normal, pre-Kronos outage hours are reflected in Giant's records.

58. Since the Kronos outage, Giant has not paid Kibec on time, if at all, for his actual hours worked each week.

59. Since the outage took place, Giant has not accurately recorded the hours worked by Kibec and its other workers, in multiple workweeks.

60. Giant was aware of the minimum wage requirements of the FLSA.

61. Giant nonetheless failed to pay the minimum wages owed to certain non-exempt hourly and salaried employees, such as Kibec.

62. Giant was aware of the overtime requirements of the FLSA.

63. Giant nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees.

64. Giant's failure to pay the minimum wage and overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

65. The full wages owed to Kibec and the Similarly Situated Workers became "unpaid" when the work for Giant was done—that is, on Kibec and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

66. At the time Giant failed to pay Kibec and the Similarly Situated Workers in full for their hours by their regular paydays, Giant became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal and Virginia law.

67. In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

68. Any payment made by Giant to Kibec or the Similarly Situated Workers that Giant may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

69. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

70. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Giant's acts and omissions resulting in the unpaid wages in the first place.

71. Kibec and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Giant under federal and Virginia law.

**COLLECTIVE ACTION ALLEGATIONS—FLSA**

72. Numerous individuals were victimized by Giant's patterns, practices, and policies, which are in willful violation of the FLSA.

73. Based on his experience working for Giant, Kibec is aware that Giant's illegal practices were imposed on the FLSA Collective.

74. The FLSA Collective members were not paid at least the minimum wage for all hours worked

75. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

76. These employees are victims of Giant's unlawful compensation practices and are similarly situated to Kibec in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

77. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

78. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to minimum wages and/or overtime compensation.

79. Giant's failure to pay minimum wages and proper overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

80. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**COLLECTIVE ACTION ALLEGATIONS—VIRGINIA LAW**

81. Numerous individuals were victimized by Giant's patterns, practices, and policies, which are in knowing and willful violation of the VMWA, VOWA and the VWPL.

82. Based on his experience working for Giant, Kibec is aware that Giant's illegal practices were imposed on the Virginia Collective.

83. The Virginia Collective members were not paid their minimum wages and/or full overtime premiums on time, if at all, for all overtime hours worked.

84. The Virginia Collective members were not paid their earned wages each regular payday for the work they perfomed for Giant.

85. These employees are victims of Giant's unlawful compensation practices and are similarly situated to Kibec in terms of the pay provisions and employment practices at issue regarding the Virginia Collective.

86. The workers in the Virginia Collective were similarly situated within the meaning of the VMWA.

87. Any differences in job duties do not detract from the fact that these non-exempt workers were entitled to minimum wages under the VMWA

88. Giant's failure to pay minimum wages at the rates required by the VMWA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Virginia Collective members.

89. The workers in the Virginia Collective were similarly situated within the meaning of the VOWA.

90. Any differences in job duties do not detract from the fact that these non-exempt workers were entitled to overtime pay under the VOWA

91. Giant's failure to pay overtime compensation at the rates required by the VOWA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Virginia Collective members.

92. The workers in the Virginia Collective were similarly situated within the meaning of the VWPL.

93. Any differences in job duties do not detract from the fact that these workers were entitled to their earned wages on their regular paydays, as required by the VPWL.

94. Giant's failure to pay wages within the time required under the VPWL result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Virginia Collective members.

95. The Virginia Collective should be notified of this action and given the chance to join pursuant to Va. State. Ann. § 40.1-29(J).

**FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA**

96. Kibec incorporates each allegation set forth in paragraphs 1 to **Error! Reference source not found.**.

97. By failing to pay Kibec and the FLSA Collective members at least the required minimum wages and/or overtime premiums, Giant violated the FLSA. 29 U.S.C. § 206(a) and/or § 207(a).

98. By failing to pay Kibec and the FLSA Collective members overtime at 1.5 times their regular rates, Giant violated the FLSA. 29 U.S.C. § 207(a).

99. Giant owes Kibec and the FLSA Collective members at least the mimimum wage and/or proper overtime premiums for all hours worked.

100. Giant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Kibec and the Collective members the compensation owed to them under the FLSA.

101. Because Giant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Giant owes these wages for at least the past three years.

102. Giant's failure to pay compensation owed under the FLSA to Kibec and the Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

103. Because Giant's decision not to pay wages was not made in good faith, Giant also owes Kibec and the Collective members an amount equal to the unpaid wages as liquidated damages.

104. Accordingly, Kibec and the FLSA Collective members are entitled to minimum wages and/or their unpaid wages under the FLSA, including their agreed-upon wages up to 40 hours each week they worked overtime and overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE VMWA AS TO KIBEC AND THE VIRGINIA COLLECTIVE

105. Kibec incorporates each allegation set forth in paragraphs 1 to **Error! Reference source not found.**.

106. The conduct alleged in this Complaint violates the VMWA, Va. Stat. Ann. § 40.1-28.8 *et seq*.

107. At all relevant times, Giant has been an "employer" within the meaning of the VMWA, Va. Stat. Ann. § 40.1-28.9.

108. At all relevant times, Giant employed Kibec and the other Virginia Collective members as "employees" within the meaning of the VMWA, Va. Stat. Ann. § 40.1-28.9.

109. The VMWA requires an employer like Giant, from May 1, 2021, until January 1, 2022, to pay to each employee the greater of (i) $9.50 per hour or (ii) the federal minimum wage.

110. The VMWA requires an employer like Giant, from January 1, 2022, until January 1, 2023, to pay to each employee the greater of (i) $9.50 per hour or (ii) the federal minimum wage.

111. Within relevant time period, Giant had a policy and practice of failing to pay KIbec and the Virginia Collective the mimimum wages required under the VMWA and/or federal law.

112. As a result of Giant's failure to pay minimum wages to Kibec and the Virginia Collective at the time the payments were due, Giant violated the VOWA.

113. Because Giant's decision not to pay overtime wages on time and in full was made knowingly and intentionally, Giant also owes Kibec and the Virginia Collective members penalties as provided by VMWA, Va. Stat. Ann. § 40.1-28.11.

114. Kibec and the Virginia Collective members are entitled to recovery their unpaid wages, penalties, attorney's fees, costs, interest, and all other legal and equitable relief provided by the VMWA.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE VOWA AS TO KIBEC AND THE VIRGINIA COLLECTIVE

115. Kibec incorporates each allegation set forth in paragraphs 1 to **Error! Reference source not found.**.

116. The conduct alleged in this Complaint violates the VOWA, Va. Stat. Ann. § 40.1-29.2.

117. At all relevant times, Giant has been an "employer" within the meaning of the VOWA, Va. Stat. Ann. § 40.1-29.2(A).

118. At all relevant times, Giant employed Kibec and the other Virginia Collective members as "employees" within the meaning of the VOWA, Va. Stat. Ann. § 40.1-29.2(A).

119. The VOWA requires an employer like Giant to pay overtime to all non-exempt employees. Va. Stat. Ann. § 40.1-29.2(B).

120. Kibec and the other Virginia Collective members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. Va. Stat. Ann. § 40.1-29.2(B).

121. Within the applicable limitations period, Giant had a policy and practice of failing to pay proper overtime to the Virgnia Collective members for their hours worked in excess of 40 hours per week.

122. As a result of Giant's failure to pay proper overtime to Kibec and the Virginia Collective members for work performed in excess of 40 hours in a workweek at the time the payments were due, Giant violated the VOWA.

123. Because Giant's decision not to pay overtime wages on time and in full was made knowingly, Giant also owes Kibec and the Virginia Collective members an amount three times the unpaid wages as liquidated damages. VOWA, Va. Stat. Ann. § 40.1-29(J).

124. Kibec and the Virginia Collective members are entitled to recovery their unpaid wages at 1.5x their regular rates of pay, liquidated damages in an amount equal to 2x the unpaid wages, attorney's fees, costs, interest, and all other legal and equitable relief provided by the VOWA.

### FOURTH CAUSE OF ACTION—VIOLATIONS OF THE VPWL AS TO KIBEC AND THE VIRGINIA COLLECTIVE

125. Kibec incorporates each allegation set forth in paragraphs 1 to **Error! Reference source not found.**.

126. The conduct alleged in this Complaint violates the VPWL, Va. Stat. Ann. § 40.1-29.

127. At all relevant times, Giant has been an "employer" within the meaning of the VPWL, Va. Stat. Ann. § 40.1-28.9(A).

128. At all relevant times, Giant employed Kibec and the other Virginia Collective members as "employees" within the meaning of the VPWL, Va. Stat. Ann. § 40.1-28.9(A).

129. The VPWL requires an employer like Giant to pay the full amount of wages due to each salaried employee at least once each month on regular paydays. Va. Stat. Ann. § 40.1-29(A).

130. The VPWL requires an employer like Giant to pay the full amount of wages due to each hourly employee at least once even two weeks or twice in each month on regular paydays. Va. Stat. Ann. § 40.1-29(A).

131. Giant knew it had to pay Kibec and the Virginia Collective members all wages due within the time provided by the VWPL, but did not do so.

132. Within the applicable limitations period, Giant had a policy and practice of failing to pay all wages due within the time period allowed under the VWPL.

133. As a result of Giant's failure to timely pay all wages due to Kibec and the Virginia Collective members, Giant violated the VWPL.

134. Kibec and the Virginia Collective members are entitled to their unpaid wages, liquidated damages of twice the amount of unpaid wages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the VWPL, Va. Stat. Ann. § 40.1-29(G)-(H), (J).

**RELIEF SOUGHT**

Kibec prays for judgment against Giant as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a collective action for the Virginia law claims;

c. For an order finding Giant liable for violations of federal wage laws with respect to Kibec and all FLSA Collective members covered by this case;

d. For an order finding Giant liable for violations of Virginia wage laws with respect to Kibec and all Virginia Collective members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Kibec and all FLSA Collective members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties under Virginia wage laws to Kibec and all Virginia Collective members covered by this case;

g. For a judgment awarding attorneys' fees to Kibec and all FLSA Collective and Virginia Collective members covered by this case;

h. For a judgment awarding costs of this action to Kibec and all FLSA and Virginia Collective members covered by this case;

i. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Kibec and all FLSA and Virginia Collective members covered by this case; and

j. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____
**Matthew S. Parmet**
D. Md. # 30265
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Angeli Murthy, Esq.**
PA Bar No. 93699
(*seeking admission pro hac vice*)
**MORGAN & MORGAN, P.A.**
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com

**Attorneys for Plaintiff**

# JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**